11 GASKINS, Judge.
The defendant, attorney Martin S. Sanders, Jr., appeals from a trial court judgment ordering him to pay a total of $111,545.13 in the latest suit arising from a dispute over mineral royalties. For the reasons set forth below, we affirm.
FACTS
The underlying facts of this case are set forth in Succession of Cloud, 508 So.2d 577 (La.App. 2d Cir.1987), reversed in part, 530 So.2d 1146 (La.1988). They are also recited in Louisiana State Bar Association v. Sanders, 568 So.2d 1025 (La.1990), wherein Mr. Sanders received a nine-month suspension from the practice of law for his conduct as described hereinafter. The pertinent facts are as follows.
Noah Cloud had five children: the four plaintiffs in the instant litigation, Dwight Cloud, Carson Cloud, Dalton Cloud and Lessie Cloud Holley, as well as another daughter, Urzula Cloud Hatch. In the early 1960’s, oil was discovered under a tract of land owned by Mr. Cloud, and in 1963 he granted a mineral lease to Placid Oil Company. As Mr. Cloud was elderly, his children became concerned he might “give away” the mineral royalties and arranged to have them taken out of his name. To that end, in 1964, Mr. Cloud executed a deed purporting to transfer the tract of land to his son-in-law, B.M. Hatch, for $250. However, Mr. Cloud received the mineral royalties from the time production was obtained in 1965 until his death in 1966.
Shortly after Mr. Cloud died, his widow Lucy was interdicted, and his daughter Mrs. Hatch became administratrix of his succession. As such, she listed the mineral royalties on numerous pleadings as succession property. She also received the mineral royalties in her capacity as administratrix and deposited them into a succession account.
|2⅛ 1974, Mrs. Hatch and her husband, the record owner of the tract, divorced. Mr. Hatch was represented by Mr. Sanders, the defendant in the present suit. The 1978 community property settlement prepared by Mr. Sanders gave the tract to Mrs. Hatch.
Subsequently, a dispute erupted between Mrs. Hatch and her siblings as to the division of the mineral royalties. On the basis that she had cared for their mother until her death in 1980, Mrs. Hatch felt entitled to a *615 larger portion than her siblings. She retained Mr. Sanders to represent her; in payment for legal services of $10,000, she deeded him ⅝ mineral interest in the tract.
The siblings filed a rule to show cause against Mrs. Hatch seeking her removal as administratrix and requesting an audit of the mineral royalties. Mr. Sanders continued to represent Mrs. Hatch in those proceedings, and she thereafter transferred to him another ⅝ mineral interest in the tract for another $10,000 in legal services. These two transfers from Mrs. Hatch therefore purported to give Mr. Sanders a total of ⅜ of the mineral rights in the tract.
The siblings filed suit against Mr. Sanders, Mrs. Hatch, her corporation, her former-husband, and Placid Oil Company, seeking to declare the 1964 sale from their father to Mr. Hatch a simulation and to set aside Mrs. Hatch’s transfers to Mr. Sanders. The trial court upheld the transfer from Mr. Cloud to Mr. Hatch as a valid sale and rejected the plaintiffs’ demands. On appeal, this court reversed the trial court, finding that the sale to Mr. Hatch was a simulation and holding that the tract belonged to the succession. On rehearing, Mr. Sanders urged the Public Records Doctrine, and this court amended its ruling in part to uphold the transfers to Mr. Sanders. However, in September 1988, the Supreme Court reversed that portion of the appellate decision, finding that the transfers to Mr. Sanders were invalid and that Mr. Sanders had violated the Rules of Professional Responsibility 13by accepting an interest in his client’s claim. The Court further held that the heirs could seek recovery of the mineral interest from Mr. Sanders as long as the interest was still in his name or control.
Between the rendering of the original appellate court opinion by this court in January 1987 and our opinion on rehearing in June 1987, Mrs. Hatch aligned herself with her siblings against Mr. Sanders. (She even joined them in applying to the Louisiana Supreme Court for certiorari.) In April 1987, the five siblings entered into a partition and settlement agreement to resolve their family dispute over the mineral rights and royalties. Relevant portions are as follows:
Appearers further declared that:
WHEREAS appearers no longer wish to remain in undivided ownership of the minerals and royalties associated with the above described property; and
WHEREAS they desire to amicably divide the said mineral interests and royalties between them; and
WHEREAS they acknowledge that there is presently litigation concerning alleged mineral transfers to Martin Sanders, Jr. in connection with the East twenty acres described above as Tract Number Two, said transfers involving a possible one-fourth mineral interest and a one-twelfth mineral interest, thus totaling a one-third mineral interest in said Tract Number Two; and
WHEREAS with the exception of the contested one-third 'mineral interest involving the claims of Martin Sanders, Jr., the remainder of the mineral interests and royalties associated with the above tracts of property are owned by appearers; and
WHEREAS appearers, as co-owners of the mineral interests and royalties desire to partition, compromise and settle all of the mineral and royalty interests they may presently have or may receive in the future after conclusion of the litigation, and to accomplish their mutual wishes and desires, the parties have agreed to the following: [the five siblings divide the uncontested % interest in Tract Two equally.]
[[Image here]]
I ¿Appearers further declare that with regard to the one-third mineral interests in the said East One Half of the Northwest Quarter of the Southeast Quarter of Section 22, Township 11 North, Range 6 West, which is presently involved in litigation, should they receive all or any part of the contested one-third mineral interests and royalties, by any means, either by settlement, sale, abandonment, or by a decision of the Court, then in that event, appearers do, with regard to all and any part of the contested one-third interest they may acquire, appearers do hereby agree that those mineral interests, royalties and rights shall be divided among appearers as follows, to-wit: [Dalton Cloud, Dwight Cloud, Lessie Cloud Holley, and Urzula Cloud Hatch divide the contested ⅜ portion equally.]
[[Image here]]
*616 By means of this settlement and compromise agreement, appearers do farther agree to settle, compromise, discharge, dismiss and hold one another harmless from any further claims, one against the other, arising out of or in connection with the above described real estate, described as Tract Number One and Tract Number Two, and in connection with any claims they may have out of the suit entitled “Succession of Noah Cloud,” Number 1,819 Probate Docket, Jackson Parish, Louisiana, specifically including in this compromise and settlement agreement any and all claims for the past, the present, or the future, it being the intention of the parties hereto to settle, compromise and release any and all such claims, mutually agreeing that all such claims shall be settled and compromised in accordance with this instrument.
Appearers further acknowledge and agree that this partition, compromise, and settlement involves disputed claims, and is done out of a desire to put an end to litigation, and to avoid the uncertainties of litigation, and appearers acknowledge and represent that any and all claims they may have previously made in connection with any of the property herein transferred are hereby waived, forfeited and abandoned, the parties acknowledging that this instrument represents the full and complete vesting of all ownership, title and interest of the parties in connection with the property set forth herein.
Appearers further acknowledge that, by these presents, they do authorize, empower and direct all third parties, including Placid Oil Company, its heirs, successors and assigns, to recognize the mineral interests as established herein, and to pay royalties in accordance with the ownership set forth herein.
In June 1987, a judgment of possession was rendered in Mr. Cloud’s succession which adopted the property division established in this agreement.
| sin response to the ruling of the Louisiana Supreme Court, the plaintiffs/heirs filed the present suit in December 1989 to seek recovery of the mineral royalties paid to Mr. Sanders.[1] He pled res judicata, basing his argument on the April 1987 partition and settlement agreement by the heirs. He asserted that he was entitled to benefit from this agreement wherein the heirs released all of their claims against each other because it included Mrs. Hatch, his ancestor in title. Mr. Sanders’ exception of res judicata was overruled in December 1990.
Trial was held in March 1994. The court issued written reasons for judgment in July 1994, finding in favor of the plaintiffs, Dalton Cloud, Dwight Cloud, and the succession of Lessie Cloud Holley, in the amount of $37,-181.71 each, or a total of $111,545.13.[2] In so ruling, the trial court found that the defendant had offered nothing to defeat the claims of the petitioners.
Mr. Sanders appealed.
PARTITION/SETTLEMENT AGREEMENT
In this assignment of error, Mr. Sanders contends that the April 1987 partition and settlement agreement between the Cloud siblings wherein they compromised their claims against each other also releases him as Mrs. Hatch’s successor in title. This argument is without merit.
*617 A cursory reading of the agreement amply demonstrates that the parties to the partition and settlement only included their claims against each other. The ^agreement specifically excluded their claims against Mr. Sanders and manifested their intention to pursue their then-ongoing legal action against him. To that end, the siblings agreed upon the manner in which the contested ⅛ mineral interest and royalties would be divided amongst them if their litigation successfully recovered that mineral interest from Mr. Sanders. Consequently, we are unable to construe this document as benefitting Mr. Sanders in any fashion.
SUFFICIENT PROOF
Mr. Sanders also claims that the record contained insufficient proof of the amount owed to the plaintiffs. This contention also lacks merit.
We have thoroughly reviewed the record and determined that the trial court’s judgment was fully supported by the record. The amounts of mineral royalties paid to Mr. Sanders by Placid Oil Company were established by the information in the following exhibits: # P-1, the record in Succession of Cloud, specifically the interrogatories answered by Placid; # P-2, # P-3 and # P-4, checks from Placid. These exhibits showed that Mr. Sanders received $148,726.84 in mineral royalties. Under the provisions of the April 1987 partition and settlement, which was admitted at trial as exhibit # D-l, the recovered ½ mineral right was to be equally divided between Dalton Cloud, Dwight Cloud, Mrs. Holley, and Mrs. Hatch. Therefore, Dalton Cloud, Dwight Cloud and the Succession of Lessie Cloud Holley were each entitled to ⅝ of the total royalties paid to Mr. Sanders, or $37,181.71, the amount correctly awarded by the trial court.
CONCLUSION
The judgment of the trial court is affirmed. Costs are assessed to the appellant, Mr. Sanders.
AFFIRMED.

. The original plaintiffs were Dalton Cloud, Dwight Cloud, Carson Cloud, and Lessie Cloud Holley. However, Mrs. Holley died during the pendency of the suit, and her two daughters, Thelma Mae Trichel Austin and Annette Cecile Trichel McMillon, were substituted as parties plaintiff. However, like the trial court, we refer to them collectively as the Succession of Lessie Cloud Holley.

. Even though Carson Cloud was a plaintiff in the instant suit, he was not a party to the disburs-als. As previously noted, under the terms of the April 1987 partition and settlement, the five siblings agreed that, if their litigation led to the recovery of the disputed ½ mineral right from Mr. Sanders, that portion would be divided in equal portions between Dalton Cloud, Dwight Cloud, Mrs. Holley, and Mrs. Hatch. (The record contains no explanation as to why Carson Cloud agreed to be excluded from the division of this property.) Since Mrs. Hatch was not a plaintiff in the instant suit, it was specified at trial that the plaintiffs were only seeking ¾ of the mineral royalties paid to Mr. Sanders. Thus, the trial court granted recovery in favor of the three siblings who were entitled to recover the disputed mineral royalties under the terms of the partition and who were also plaintiffs.